IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, #303575, ) | CIVIL ACTION NO. 9:09-2495-RBH-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Tony Vela, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendant.

The Defendant filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on November 30, 2009. As the Plaintiff is proceeding pro se, a Roseboro Order was entered by the Court on December 2, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. The Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition on December 7, 2009.

Defendant's motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a



**Discussion**

Plaintiff alleges in his verified complaint,[2] in toto, as follows:

On Friday October 3, 2008 around the [approximate] time 9:00 a.m. correctional Office Tony Vela had touched me on my buttock. When [Plaintiff] had pulled away from Officer Vela after he put the handcuffs & left me in shower for two hours with handcuffs on.

Plaintiff seeks monetary damages for this "sexual assault" by the Defendant Vela. See generally, Verified Complaint.

When considering a Rule 12 motion to dismiss, the Court is required to "accept the allegations in the [pleading] as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991) (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, factual allegations must be enough to raise a right to relief above the speculative level]. Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.

However, even though summary dismissal of a case pursuant to Rule 12 is disfavored,

---

dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).



Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Defendant argues in his motion that he is entitled to dismissal of this action because "[n]othing in the complaint rises to the level of a constitutional violation", as Plaintiff must plead an injury, and nothing in the complaint indicates Plaintiff suffered any injury, physical or otherwise. After review and consideration of this matter, including giving careful attention to Plaintiff's response to the Defendant's motion, the undersigned concludes that the Defendant's motion should be granted.

Giving Plaintiff's admittedly bare bones pro se complaint the liberal construction to which he is entitled, the undersigned authorized service of this complaint because sexual abuse of an inmate may be actionable under § 1983 where a correctional officer is in a position of authority over a prisoner. Cf. Boddie v. Schneider, 105 F.3d 857, 859 (2nd Cir. 1997)[Sexual abuse of prisoner by a correctional officer may give rise to an Eighth Amendment claim]. Further, a prisoner has an Eighth Amendment right to reasonable protection from sexual assault, and need not wait until he is actually assaulted to obtain relief (even assuming for purposes of argument that the Court was to interpret Plaintiff's allegations as not having already set forth facts constituting an assault). See Woodhous v. Virginia, 487 F.2d 889, 890 (4th Cir. 1973); see also Benefield v. McDowwall, 241 F.3d 1267, 1272 (10th Cir. 2001)[holding that a prisoner may demonstrate an Eighth Amendment violation by showing that he is incarcerated under conditions posing a substantial risk of serious harm, and that he need not wait until he is actually assaulted before obtaining relief].



However, in his response to the Defendant's motion, Plaintiff has reiterated that the only thing that happened (considering Plaintiff's allegations to be true) is that the Defendant touched him on his buttock on one occasion while he was in handcuffs. No other allegations of misconduct against this Defendant are made, and Plaintiff even affirmatively states in his response that the Defendant "did not hurt the Plaintiff when he touched the Plaintiff on his buttock." Hence, in response to the Defendant's motion, Plaintiff not only failed to supplement his allegations in any way, but he has reiterated the minimal nature of the conduct of which he complains. Cf. Calhoun v. Vicari, 05-4167, 2005 WL 2372870, at * 5 (D.N.J. Sept. 26, 2005)[Allowing Plaintiff to supplement an otherwise insufficient allegation of sexual abuse to allow for the possible maintenance of a sufficient claim for violation of the Eighth Amendment]. As stated, Plaintiff's claim of sexual harassment or abuse simply does not rise to the level of a constitutional violation. McCoy v. Bazzle, No. 08-2930, 2009 WL 3169963, at * 4 (D.S.C. Sept. 28, 2009)[Prison captain allegedly touching inmate on his buttock when he was going back to his cell, absent any showing of physical injury, failed to establish facts sufficient to support a claim for violation of the Eighth Amendment]; Calhoun, 2005 WL 2372870, at * 5 [Holding that sexual gestures, jokes, and slap on the buttock not sufficiently serious to satisfy the objective component of an Eighth Amendment claim]; Williams v. Anderson, No. 03-3254, 2004 WL 2282927, at * 4 (D.Ka. Sept. 7, 2004)[Finding that prison guard's sexually degrading remarks, exposing himself to the Plaintiff, and grabbing Plaintiff's buttock, however outrageous, unacceptable and despicable, failed to satisfy the objective component of an Eighth Amendment violation] [Motion to Dismiss]; Jackson v. Madery, 158 F.Appx. 656, 661 (6th Cir. 2006)[Defendants grabbing inmates buttock in a degrading and humiliating manner was "isolated, brief, and not severe", and therefore did not rise to the level of a constitutional violation]; Berryhill v. Schriro, 137 F.3d



4

1073, 1076 (8th Cir. 1998)[Brief, unwanted touch on the buttocks is sufficient to state a constitutional claim where, in part, no objectively serious injury arising from the incident had been shown].

Hence, while Plaintiff's allegations, if true, may potentially provide a basis for a state tort claim, under the applicable case law they do not rise to the level of a constitutional violation prosecutable in this Court under § 1983.

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 16, 2010

Charleston, South Carolina



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

